IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAURIE KATHLEEN MCCAIN,<br><br>   Plaintiff,<br><br>v.<br><br>KINDRED HEALTHCARE, INC.,<br><br>   Defendant. | Case No.: 6:10-cv-6212-SI<br><br>**OPINION AND ORDER** |

Glenn Solomon
1001 SW Fifth Avenue, Suite 1414
Portland, OR 97204

  Of Attorneys for Plaintiff

Scott Oborne
Mark A. Crabtree
JACKSON LEWIS, LLP
1001 SW Fifth Avenue, Suite 1205
Portland, OR 97204

  Of Attorneys for Defendant

**SIMON, District Judge**.

  On December 7, 2012, the court granted Defendant Kindred Healthcare, Inc.'s motion for summary judgment. Dkt. #51. Defendant now moves the court for an award of attorneys' fees pursuant to Or. Rev. Stat. § 20.105. Dkt. #53. Defendant contends that an award of fees is

appropriate because Plaintiff Laurie McCain had no objectively reasonable basis for her complaint. Defendant also submits a bill of costs. Dkt. #55.

## STANDARDS AND DISCUSSION

State law governs the award of attorneys' fees in diversity actions when the fee award is "'connected to the substance of the case.'" *Northon v. Rule*, 637 F.3d 937, 938 (9th Cir. 2011) (per curiam order) (quoting *Price v. Seydel*, 961 F.2d 1470, 1475 (9th Cir.1992)). Defendant's attorneys' fees were incurred defending against Plaintiff's claim for wrongful discharge; they were, therefore, "connected to the substance of the case."

Under Oregon law, the court shall award reasonable attorneys' fees to the prevailing party if "there was no objectively reasonable basis for asserting the claim[.]" Or. Rev. Stat. § 20.105(1). To determine whether there was an objectively reasonable basis for asserting a claim, "the primary issue is whether there is evidence in the record to support the claim—that is, whether the party's claim is entirely devoid of legal or factual support at the time it was made." *Lenn v. Bottem*, 221 Or. App. 241, 248 (2008) (internal quotation marks and citations omitted). "The fact that a claim is ultimately unsuccessful does not necessarily mean that the party's position was objectively unreasonable." *Morasch v. Hood*, 232 Or. App. 392, 404 (2009).

Although Plaintiff's wrongful discharge claim against Defendant was weak, it was not "entirely devoid of legal or factual support at the time it was made." Plaintiff's motion for attorneys' fees is, therefore, denied.

In addition, Defendant seeks $1,922.40 in costs. The prevailing party may recover the types of costs specified in 28 U.S.C. § 1920; *see* Fed. R. Civ. P. 54(d)(1). The court has reviewed Defendant's costs and finds that they are reasonable and recoverable under § 1920.

## CONCLUSION

Defendant's motion for attorneys' fees, Dkt. #53, is DENIED. The bill of costs, Dkt. #55, is GRANTED. Defendant is awarded $1,922.40 in costs.

IT IS SO ORDERED.

Dated this 3rd day of February, 2012.

Michael H. Simon
United States District Judge

Page 3 – OPINION AND ORDER